Martin, J.
delivered the opinion of the court. The petition states that the plaintiffs having issued out writs of seizure and sale from the court of the first district, delivered them to the defendant, the sheriff, who returned that the “ property seized, not having been sold for two-thirds of its appraised value, at the first or second auctions, was sold at the third and last to James Williams for $60,000 at twelve months credit with interest and security, which security is in a bond subscribed by Benjamin Farrar and Abner L. Duncan as sureties.” That at the expiration of the year the plaintiffs applied to the sheriff *80 and were informed that the money was still due, whereupon they required him to deliver them the mortgage and security required by law, but he only tendered them a paper purporting to be a bond, which by no means answers the letter or intent of the law, which they did not accept.
East’n. District.
Dec. 1815.
The petition avers the consequent liability of the sheriff to pay the money, and prays process against him from the parish court of New-Orleans.
The defendant put in a plea to the jurisdiction of the court, on the ground that the district court, from which the writs of seizure and sale issued, is alone competent to decide on the matter.
The parish court sustained the plea, and the plaintiffs excepted to the opinion of the court in this respect, and thereon appealed.
The court below did not give any reason for its opinion and we are unable to find a good one in support of it.
The defendant resides in the parish of Orleans, within which the district and parish courts have concurrent jurisdiction. If any attorney, clerk or sheriff in either of these courts does in any manner wrong a suitor, the injured party has a right to an action and is not compelled to re *81 sort to the court in which was pending the suit, in which he alleges that the injury was done. Both courts are open to him: the choice is his.
Seghers for the plaintiff; Hennen for the defendant. See April term, 1816.
The judgment of the parish court is erroneous, it is therefore ordered, adjudged and decreed, that it be annulled, avoided and reversed, and that the suit be remanded to the parish court with direction to the judge to proceed thereon, and it is further ordered that the defendant and appellant pay the costs of this appeal.